UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY B. MYERS and
BARBARA ANN KELLY,

    Plaintiffs,

v.                                                   Case No.:  2:23-cv-13-JES-KCD

NAPLES GOLF AND BEACH
CLUB, INC., NAPLES PROPERTY
HOLDING COMPANY, LLC,
NAPLES BEACH CLUB LAND
TRUST TRUSTEE, LLC, NAPLES
BEACH CLUB PHASE II AND III
LAND TRUST TRUSTEE, LLC and
NBC CLUB OWNER, LLC,

    Defendants.
_____/

## ORDER

Before the Court is Defendants' motion for reconsideration. (Doc. 16.) They ask the Court to "withdraw its endorsed order [that] granted [Plaintiffs] an extension to March 20, 2023 to respond to the two pending motions for remand." (*Id*. at 2.)[1]

The Federal Rules of Civil Procedure are designed to "facilitate a proper ruling on the merits." *Diaz v. Jaguar Rest. Grp., LLC*, 627 F.3d 1212, 1214

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

(11th Cir. 2010). To this end, it is common to grant litigants additional time to prepare and present their arguments. This is especially so with *pro se* parties, like Plaintiffs. *See Jones v. Leocadio*, No. 212CV285FTM29SPC, 2012 WL 12916410, at *1 (M.D. Fla. July 23, 2012). Liberally allowing extensions of time recognizes that enforcing strict deadlines often does little to advance the ends of justice. *See, e.g., Des Isles v. Evans*, 225 F.2d 235, 236 (5th Cir. 1955) ("The rules . . . were not adopted to set traps and pitfalls by way of technicalities for unwary litigants.").

Defendants argue (at length) how Plaintiffs' lawsuit is frivolous. In their view, this leaves "no reason to postpone requiring [a response] to the motions for remand." (Doc. 16 at 5.) But we are not here to decide the merits of this case. And the Court declines to rule on Plaintiffs' claims through a motion for extension of time. Given extensions of time are liberally extended to *pro se* litigants, the Court stands by its decision.

One last point. Reconsideration of an order is an extraordinary remedy to be used sparingly. It is not meant as an opportunity to simply reargue—or argue for the first time—an issue the court has already determined. *Carter v. Premier Rest. Mgmt.*, No. 2:06-CV-212-FTM-99DNF, 2006 WL 2620302, at *1 (M.D. Fla. Sept. 13, 2006). Court opinions "are not . . . mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* Defendants have

done no more than repackage (and expound upon) the arguments they previously made. Their motion is thus "due to be denied." *Id.*

**ENTERED** in Fort Myers, Florida on February 17, 2023.

*[signature]*

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record