```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

GREGORY B. MYERS and BARBARA
ANN KELLY,

       Plaintiffs,

v.                                    Case No:  2:23-cv-13-JES-KCD

NAPLES GOLF AND BEACH CLUB,
INC., a Florida Corporation,
NAPLES PROPERTY HOLDING
COMPANY, LLC, a Delaware
limited liability company,
NAPLES BEACH CLUB LAND TRUST
TRUSTEE, LLC, a Delaware
limited liability company,
as Trustee under the Land
Trust Agreement dated as of
May 27, 2021, NAPLES BEACH
CLUB PHASE II AND III LAND
TRUST TRUSTEE, LLC, a
Delaware limited liability
company, as Trustee under
the Land Trust Agreement
dated as of May 27, 2021, and
NBC CLUB OWNER, LLC, a
Delaware limited liability
company,

       Defendants.
_____

## OPINION AND ORDER

      This matter comes before the Court on defendants Naples Property Holding Company, LLC and Defendants/Naples Beach Club Land Trust Trustee, LLC; Naples Beach Club Phase II and III Land Trust Trustee, LLC; and NBC Club Owner, LLC's Motion for Remand (Doc. #6) filed on February 3, 2023, and defendant Naples Golf &

Beach Club, Inc.'s Motion to Remand (Doc. #7) filed on February 6, 2023.  Gregory B. Myers (Mr. Myers) filed a Response to Order to Show Cause and Debtor's Consolidated Response in Opposition To Motion(s) to Remand (Doc. #18) on March 21, 2023.  Plaintiff Barbara Ann Kelly did not join the removal and has not filed a response.  For the reasons set forth below, the motions are granted as set forth below, and the case is remanded to state court.

## I.

On January 28, 2021, Mr. Myers filed a Voluntary Petition under Chapter 13 for bankruptcy relief in the Middle District of Florida.  (Doc. #6-2, Exh. B.)

On May 27, 2021, Mr. Myers and his wife Barbara Ann Kelly filed a Complaint in Collier County Circuit Court.  (Doc. #6-3, Exh. C., p. 4.)  The Complaint alleged that plaintiffs have a recorded legal right in certain land which was being encumbered by a dedicated easement shown on the map of Naples Golf and Beach Club Tract which is recorded in the Collier County Official Records.  The Complaint alleged that defendants published, recorded, and communicated to third persons false and untrue statements concerning plaintiffs' recorded legal right, thereby slandering title to plaintiffs' property (Count I).  The Complaint further alleged that defendants were using the easement property in a way that obstructed and interfered with plaintiffs' reasonable use and enjoyment of the easement (Count II).  Plaintiffs also

sought declaratory relief and injunctive relief (Counts III and IV). In due course, plaintiffs filed a Second Amended Complaint, which became the operative pleading. (Doc. #6-3, p. 14, doc. #369.) A Suggestion of Bankruptcy was filed in state court, but the case was not stayed. (Id., p. 5, doc. #43.) As noted by Mr. Myers, the automatic stay does not extend to lawsuits initiated by the debtor. (Doc. #18, p. 9) (citing Rucker v. Great Dane Petroleum Contractors, Inc., No. 2:21-CV-207-SPC-MRM, 2021 WL 3617456, at *1 (M.D. Fla. Aug. 16, 2021) (citations omitted)).

On November 18, 2021, defendants filed an Answer and a Counterclaim against Mr. Myers and his wife as tenants-in-the-entireties to quiet title by removing the cloud on title created by the lawsuit. (Doc. #6, p. 7; Doc. #6-3, p. 11, doc. #259.) Mr. Myers argues that the bankruptcy automatic stay was in effect when the counterclaim was filed. Defendants argued they were simply defending the claim. "Should we take affirmative action we would get an order from Judge Delano in a similar fashion." (Doc. #18, p. 8.) On May 6, 2022, Count IV of the Counterclaim was voluntarily dismissed. (Doc. #6-3, p. 17, doc. #452.) The state court ruled that the Counterclaim was not a violation of the stay. (Doc. #6-4, p. 19.)

On May 6, 2022, an Amended Summary Final Judgment was issued in the state court case, granting summary judgment in favor of defendants and against plaintiffs on Counts I and II of plaintiffs'

Second Amended Complaint. The plaintiffs' Lis Pendens was discharged and released. Final Judgment was also entered in favor of counterclaimants.

Plaintiffs filed two appeals to the Second District Court of Appeals, and both appeals were transferred to the new Sixth District Court of Appeals. These appeals remain pending but are stayed "pending the determination of whether the related federal action filed by Mr. Myers will proceed in the Middle District of Florida." See Myers v. Naples Golf & Beach Club, Inc., et al., 6D23-585 and 6D23-573 (Fla. 6th DCA, Mar. 20, 2023). No further proceedings have taken place in the trial court since the Notice of Removal was filed.

On January 9, 2023, Mr. Myers filed a Notice of Removal (Doc. #1) purporting to remove his own state-court lawsuit, including the counterclaim. Mr. Myers describes that suit as a judicial proceeding against the debtor (himself) to recover claims that arose before the commencement of his Chapter 13 bankruptcy case. Mr. Myers asserts that the state court case has a "conceivable effect on the administration of claims" in his bankruptcy case, and the removal is timely and proper under 28 U.S.C. § 1334. On January 20, 2023, the Chapter 13 bankruptcy case was dismissed with prejudice for bad faith, and Mr. Myers' appeals from the bankruptcy case are currently pending before the district court.

On January 10, 2023, the District Court issued an Order to Show Cause (Doc. #3) in the removed case directing Mr. Myers to show cause why the case should not be remanded to state court. Mr. Myers sought and obtained an extension of time to respond until February 6, 2023. (Doc. #5.) No response was filed by Mr. Myers, and defendants filed their motions for remand. On February 9, 2023, Mr. Myers was granted an extension to respond to the motions to remand until March 20, 2023. (Doc. #10.) Mr. Myers filed his Response (Doc. #18) on March 21, 2023.

## II.

Title 28 U.S.C. § 1452 gives district courts removal jurisdiction for "claims related to bankruptcy cases":

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). "Section 1334 refers to 28 U.S.C. § 1334, 'Bankruptcy Cases and Proceedings,' which gives 'the district courts original and exclusive jurisdiction of all cases under the Bankruptcy Code,' id. § 1334(a), and for 'original but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the

- 5 -

Bankruptcy Code,'" id. § 1334(b)." Alderwoods Group, Inc. v. Garcia, 682 F.3d 958, 966 n.17 (11th Cir. 2012) (alterations accepted).

Defendants argue that the removal was untimely and that the state court case is not a bankruptcy-related case because the property at issue was claimed as homestead and therefore exempt from being property of the bankruptcy estate. The Court agrees with the first argument, but not the second.

As § 1452(a) provides, "[a] party may remove any claim or cause of action in a civil action . . . if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Such removal, however, must be done in a timely fashion. Bankruptcy Rule 9027(a)(3), which applies here, provides:

> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3). Removal in this case was not timely.

The Complaint was filed in state court by Mr. Myers on May 27, 2021, and the Counterclaim was filed against Mr. Myers in state court on November 18, 2021. Assuming (without deciding) that Mr.

Myers is entitled to the extension in 28 U.S.C. § 1446(b)(3)[1], the 30-day period was triggered by service of the Counterclaim on or about November 22, 2021. The removal did not occur until January 9, 2023, beyond the thirty-day period, even if extended, and after the state case was complete, judgment had issued, and the appeals filed. The removal was clearly untimely.

As to the second argument, the Court concludes that the district court lacks jurisdiction given the current posture of the state case. Under Section 1334, "district courts shall have original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). The Eleventh Circuit has adopted the Third Circuit's test for determining whether a case is sufficiently related to confer federal jurisdiction:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy. The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon

---

[1] 28 U.S.C. § 1446(b)(3) ("Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

> the handling and administration of the bankrupt estate.

Matter of Lemco Gypsum, Inc., 910 F.2d 784, 788 (11th Cir. 1990) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d. Cir. 1984)).  The Bankruptcy Court's January 20, 2023, Memorandum Opinion Denying Confirmation and Dismissing Case (Doc. #6-11, Exh. K), acknowledged how Mr. Myers related the state court case to his bankruptcy proceeding:

> One of the alleged "liens" that Debtor proposes to avoid is an Amended Summary Final Judgment entered in a state court lawsuit—that Debtor filed postpetition—against Naples Golf and Beach Club, Inc., and others. In the judgment, the state court denied all of Debtor's claims and discharged a lis pendens filed by Debtor.

(Id., p. 6.)  While debtor's argument was not successful, it satisfied the broad "related to" bankruptcy test.

At the time the state case was removed, however, the district court could not assume jurisdiction.  The state trial court had entered final judgment, and Mr. Myers had filed his notices of appeal.  With a few limited exceptions, the state trial court lost jurisdiction over the proceeding with the filing of a notice of appeal.  Spencer v. DiGiacomo, 56 So. 3d 92, 93-94 (Fla. 4th DCA 2011.)  A federal district court has no jurisdiction to intervene in or to entertain an appeal from a state court's final judgment. "[F]ederal district courts cannot review or reject state court judgments rendered before the district court litigation began."

Behr v. Campbell, 8 F.4th 1206, 1212 (11th Cir. 2021).  The state court rendered its final judgment prior to the time Mr. Myers removed this case to federal court.  Therefore, even if the removal had been timely, the Court would not entertain the case.

Accordingly, it is hereby

**ORDERED**:

1. Defendant Naples Property Holding Company, LLC and Defendants/Naples Beach Club Land Trust Trustee, LLC; Naples Beach Club Phase II and III Land Trust Trustee, LLC; and NBC Club Owner, LLC's Motion for Remand (Doc. #6) is **GRANTED**.

2. Defendant Naples Golf & Beach Club, Inc.'s Motion to Remand (Doc. #7) is **GRANTED**.

3. The case is remanded to the Collier County Twentieth Judicial Circuit Court and the Clerk of the Court shall transmit a certified copy of this Order to the Clerk of that Court.  The Clerk shall terminate all pending motions and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this 23th day of March 2023.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:  Parties of Record