```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

GREGORY B. MYERS and
BARBARA ANN KELLY,

      Plaintiffs,

v.                                    Case No:  2:23-cv-13-JES-KCD

NAPLES GOLF AND BEACH CLUB,
INC., a Florida Corporation,
NAPLES PROPERTY HOLDING
COMPANY, LLC, a Delaware
limited liability company,
NAPLES BEACH CLUB LAND TRUST
TRUSTEE, LLC, a Delaware
limited liability company,
as Trustee under the Land
Trust Agreement dated as of
May 27, 2021, NAPLES BEACH
CLUB PHASE II AND III LAND
TRUST TRUSTEE, LLC, a
Delaware limited liability
company, as Trustee under
the Land Trust Agreement
dated as of May 27, 2021, and
NBC CLUB OWNER, LLC, a
Delaware limited liability
company,

      Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Reconsideration (Doc. #20) filed on April 20, 2023. Rather than responding, on May 5, 2023, defendants filed a Motion to Defer Consideration of Gregory B. Myers' Rule 59(e) Motion for

Reconsideration (Doc. #22) in light plaintiff Barbara Ann Kelly's Suggestion of Bankruptcy (Doc. #21).

Plaintiff Gregory Myers, the only removing party[1], seeks reconsideration of the Court's Opinion and Order (Doc. #19) which remanded the case to the Collier County Circuit Court. Defendants had filed a timely motion to remand, and the Court found that the removal to federal court had been untimely and, even if had been timely, there was no federal jurisdiction. (Doc. #19.) Plaintiff asserts that the remand order was erroneous because no final judgment was ever entered in the state court action, Bankruptcy Rule 9027(a)(3) does not apply, and the Counterclaim was void the instant it was filed.

The Court's Order remanding the case to state court may not be reconsidered. Title 28 U.S.C. § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Despite this sweeping language, the Supreme Court has held that § 1447(d) bars review only where the remand order is based upon the grounds specified in § 1447(c). Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). See also Snapper, Inc. v. Redan, 171 F.3d 1249, 1252 (11th Cir. 1999). There are two grounds for remand in section 1447(c): (1) a "lack of subject matter

---

[1] Barbara Ann Kelly did not sign the notice of removal and did not appear in this case.

jurisdiction"; and (2) "any defect other than lack of subject matter jurisdiction" that is raised in a timely motion to remand. Simring v. GreenSky, LLC, 29 F.4th 1262, 1265 (11th Cir. 2022) (quoting 28 U.S.C. § 1447(c)). "Where the order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand." Kircher v. Putnam Funds Tr., 547 U.S. 633, 642 (2006) (citation omitted).

To decide whether a remand order is reviewable, the Court looks to the terms of the remand order and determines whether the remand was on a ground in § 1447(c). First Union Nat. Bank of Fla. v. Hall, 123 F.3d 1374, 1377 (11th Cir. 1997). Here, the Opinion and Order granted defendants' timely motion to remand because the notice of removal was untimely filed in state court and, even if timely, there would have been no federal jurisdiction. (Doc. #19.) Both grounds bring the case within the purview of § 1447(d). An untimely removal constitutes a defect in the removal process, and a remand based upon such a defect falls within § 1447(c), making it not reviewable either by appeal "or otherwise." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 128 (1995); Vachon v. Travelers Home & Marine Ins. Co., 20 F.4th 1343, 1346-47 (11th Cir. 2021). This includes reconsideration by the district court. Bender v. Mazda Motor Corp., 657 F.3d 1200, 1203-

04 (11th Cir. 2011) (citing Harris v. Blue Cross/Blue Shield of Alabama, Inc., 951 F.2d 325, 330 (11th Cir. 1992)).

The motion for reconsideration is denied, as is the motion to defer consideration of that motion.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Reconsideration (Doc. #20) is **DENIED**.

2. Defendants' Motion to Defer Consideration of Gregory B. Myers' Rule 59(e) Motion for Reconsideration (Doc. #22) is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of May 2023.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record